UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:20-CR-00111-1-JRG-CRW |
| | ) |
| MIHIR TANEJA | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Supplement Pre-Sentence Report for Purposes of Obtaining Medical Care while in the Custody of the Bureau of Prisons [Doc. 42]. Defendant Mihir Taneja, following his sentencing hearing last month, and "[a]fter learning that he would be going into custody," visited his physician for an examination to ensure that he was healthy before beginning his custodial sentence. [*Id.* at 1]. According to Mr. Taneja, his physician's examination revealed "several pre-existing and ongoing medical issues that need attention and supervision" from the Bureau of Prisons. [*Id.* at 2]. Mr. Taneja now moves the Court, several weeks after the Court's entry of judgment, to allow him to supplement the Presentence Investigation Report [Doc. 25] with his most recent medical records, which, he maintains, are "vital for the BOP's assessment of [his] care while in custody." [Def.'s Mot. at 2]. The United States has taken no position on Mr. Taneja's motion.

Federal Rule of Criminal Procedure 32(c) requires the Probation Office to conduct a presentence investigation and to prepare and file a PSR. Rule 32(f) permits the parties, within fourteen days of the PSR's filing, to object to "material information" in the PSR, Fed. R. Crim. P. 32(f)(1), and in response to an objection, the probation officer may "revise the presentence report as appropriate," Fed. R. Crim. P. 32(f)(3). In this case, Mr. Taneja did not object to the probation officer's recitation of his physical condition in the PSR. *See United States v. Jallad*,

468 F. App'x 600, 606 (6th Cir. 2012) (stating that a party may make objections "at any time before sentencing is imposed").

His postmortem request to supplement the PSR—for which he appears to rely solely on Rule 32—is problematic not only because it is untimely but also because the Court has limited jurisdiction now that it has imposed sentence and entered judgment. *See, e.g.*, *United States v. Smalling*, 644 F. App'x 3, 4 (2d Cir. 2016) ("Rule 32 allows parties to object to a PSR prior to sentencing, but does not provide a basis for amending a PSR after the imposition of sentence." (citation omitted)); *United States v. O'Connor*, Nos. 94–2381, 93–4038, 1995 WL 516396, at *1 (7th Cir. Aug. 25, 1995) ("Rule 32 does not allow a defendant to amend an alleged inaccuracy in his PSR after the district court has imposed sentence." (citations omitted)); *United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995) ("Rule 32 provides no independent foundation for a postsentence motion to correct a PSI Report[.]"); *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988) ("[T]he district court has no jurisdiction under Fed. R. Crim. P. 32 to entertain a challenge to a post-sentence report after the sentence has been imposed." (citation omitted)); *United States v. Sarden*, No. 2:16-CR-28, 2020 WL 2189802, at *2 (E.D. Tenn. May 5, 2020) ("[The defendant] asks the Court to remove a portion of his PSR long after his sentence has been imposed. However, under Rule 32, the Court lacks jurisdiction to amend the PSR in this manner." (citation omitted)); *United States v. Lemusu*, Crim. No. 02-00130 HG-01, 2019 WL 4197205, at *3 (D. Haw. Sept. 4, 2019) (denying, for lack of jurisdiction, the defendant's belated request to amend the PSR's language stating that he does not have a history of substance abuse); *United States v. Ocampo*, No. 06-cr-20172, 2015 WL 7717129, at *2 (E.D. Mich. Nov. 30, 2015) ("A district court does not have jurisdiction to hear a defendant's post-sentence motions to correct his PRS [sic]." (citing *United States v. McKinney*, 602 F. App'x 237, 240–41

(6th Cir. 2015))); *United States v. Hall*, No. 1:04-CR-00024(9), 2008 WL 924529, at *2 (S.D. Ohio Apr. 2, 2008) ("[T]he Court lacks the jurisdiction to amend Defendant's PSI."); *cf. United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) ("By failing to object to the presentence report, [the defendant] accepted all of the factual allegations contained in it[.]" (citation omitted)).

"In the absence of either an enabling statute or language in the rule's text that could conceivably be read as authorizing such jurisdiction . . . Rule 32, in and of itself, does not confer district court jurisdiction" to correct, amend, or supplement a PSR. *Angiulo*, 57 F.3d at 41. Mr. Taneja cites no such authority,[1] and nor can he because "[n]o other rule in the Federal Rules of Criminal Procedure provides for post-sentence correction or amendment of a PSR." *Lemusu*, 2019 WL 4197205 at *2 (citations omitted); *see United States v. Sedlak*, 1:09-cr-0079-01, 2018 WL 3056188, at *5 (M.D. Pa. June 20, 2018) ("Defendant cites no authority which would permit us to amend the PSR at this time, and we have been unable to locate any."). Mr. Taneja's motion [Doc. 42] is therefore **DENIED**. The Court's denial of his motion, however, does not leave him without recourse. The BOP will assign a counselor to him, if it has not done so already, and he may provide his counselor with his medical records to ensure that he receives the appropriate medical care for his diagnoses while serving his sentence. Lastly, the Clerk of Court is **DIRECTED** to place under seal Mr. Taneja's medical records [Doc. 42-1], which Mr. Taneja's counsel has filed as part of the public record.

So ordered.

---

[1] Incidentally, Mr. Taneja cites neither Federal Rule of Criminal Procedure 35 nor Federal Rule of Criminal Procedure 36. Rule 35 permits a district court, within fourteen days of imposing a sentence, to correct an "arithmetical, technical, or other clear error" in the sentence. Fed. R. Crim. P. 35(a). Rule 36 permits a district court to correct at any time "a clerical error in a judgment, order, or other part of the record." Fed. R. Crim. P. 36.

3

ENTER:

                                                     s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE